· IN RE WILL OF J. M. PATRICK.

(Filed 12 March, 1913.)

**Wills—Caveat—Mutual Capacity—Evidence—Burden of Proof.**

In these proceedings to caveat a will for mental incapacity of the testator, it appeared that he signed the will in accordance with the statutory provisions obtaining here, at the house of a third person, in the presence of impartial witnesses, dictated the terms of the will, making an intelligent disposition of his property, and stating his reasons therefor; and it is *Held*, that the burden of proof was not shifted to the propounders.

· APPEAL from *Cline, J.*, at September Term, 1912, of GREENE.

Issue of *devisavit vel non* on the last will and testament of J. M. Patrick, deceased.

On the issue submitted, the jury rendered the following verdict:

"Is the paper-writing propounded, and every part thereof, the last will and testament of J. M. Patrick, deceased? Answer: Yes."

Judgment on the verdict, and caveators excepted and appealed.

*C. L. Abernethy, G. M. Lindsay, and J. P. Frizzelle* for caveators.

*W. S. O'B. Robinson, Ashley Albritton, and O. H. Guion* for propounders.

PER CURIAM. The case, not improperly determined on the single issue, was presented in the two aspects, of mental incapacity and undue influence. As to the first, we think his Honor in effect charged that there was no evidence of mental incapacity on the part of the testator, and on careful perusal of the entire record we fully concur in this view. All of the testimony is to the effect that the testator, at the time of executing the will, had a sound mind and a disposing memory, and there is no fact rising to the dignity of legal evidence which tends to show the contrary. In the second aspect the question was submitted to the jury under a charge which correctly placed the burden of proof upon the caveators, the evidence showing that the will was made at the home of a third person in the presence of impartial and disinterested witnesses, by a man of sound mind and memory, who dictated the terms of the will himself, making intelligent disposition of his property and giving intelligent reasons for the disposition made; and while there are facts in evidence requiring that the issue in this feature of the case should be referred to the jury, we find nothing in the testimony which would justify or permit that the burden of proof should be shifted to the propounders. The rulings of the court on questions of evidence and in the charge to the jury are in accord with our decisions. *In re Fowler,* 159 N. C., 203; *In re Everett,* 153 N. C., 83; *Linebarger v. Linebarger,* 143 N. C., 229; *Atkins v. Withers,* 94 N. C., 581.

There is.

No error.